UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUAN NGUYEN, <br><br> Plaintiff, <br><br> v. <br><br> DIAMOND RESORTS INTERNATIONAL MARKETING, INC., <br><br> Defendant. | CASE NO. C18-1503MJP <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING MOTIONS TO STRIKE |

THIS MATTER comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 6.) Having reviewed the Motion, the Response (Dkt. No. 7), the Reply (Dkt. No. 8) and the related record, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss. The Court GRANTS the Motions to Strike.

**Background**

For nearly two decades, Plaintiff Quan Nguyen was employed by Defendant Diamond Resorts International Marketing, Inc. ("Diamond"), a company which markets vacation

timeshares to potential customers through telemarketing. (Dkt. No. 1, Ex. 2 ("Complaint") at ¶¶ 3, 10-11.) In 2016, Diamond came under scrutiny for its "hard sell" approach, including its alleged practices of "target[ing] unsophisticated and elderly victims with sales pitches that contained false claims," and "omit[ing] material details from its sales pitches." (Id. at ¶¶ 2, 12.) The Complaint alleges that, as a result, "[t]ensions arose in the company between a latent minority of officers and employees who wanted to effect reform and others who felt that . . . the company's success outweighed the problems caused by its sales methods." (Id. at ¶ 12.)

As a telemarketer, Diamond is required to adhere to federal regulations including the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAP"), as codified in the Telemarketing Sales Rule, 16 C.F.R. § 310, et seq. ("TSR"). Section 310.3 of the TSR prohibits "deceptive telemarking acts or practices." 16 C.F.R. § 310.3(a). In particular, it requires telemarketers to disclose to customers "all material restrictions, limitations, or conditions to purchase, receive, or use the goods or services that are the subject of the sales offer," and prohibits "[m]isrepresenting, directly or by implication, in the sale of goods or services . . . [t]he total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of a sales offer." Id., § 310.3(a)(1)(i), (2). Section 310.3 also requires that any oral authorization be "audio-recorded and made available upon request to the customer" and "evidence[] clearly" "the customer's . . . authorization of payment for the goods or services . . . that are the subject of the telemarketing transaction." Id., § 310.3(a)(3)(ii). Section 310.4 of the TSR prohibits "[a]busive telemarketing acts or practices," and requires telemarketers using "preacquired account information" to "[m]ake and maintain an audio recording of the entire telemarketing transaction." Id., § 310.4(a)(7)(i).

In an effort to avoid violations of Sections 310.3-4 and related regulations, Mr. Nguyen alleges that he "began to impose a strict regimen of adherence to the rules." (Complaint at ¶¶ 3-4, 13.) In particular, Mr. Nguyen alleges that he "began reprimanding his sales staff for (1) calling into states where telemarketing was prohibited, (2) making material misrepresentations to customers, and (3) calling customers on unrecorded lines. (Id.) Mr. Nguyen alleges that "[w]hen sales representatives failed to comply, he began putting formal reprimands on their records" and also "issued general admonishments for his sales staff to follow guidelines." (Id. at ¶ 13, 15.) The Complaint identifies two employees who Mr. Nguyen allegedly reprimanded—Mr. Johnson and Mr. Thomas. (Id. at ¶¶ 13, 15.) Mr. Thomas was "inordinately successful" and a "top performer" in the company, and "Diamond officers and employees knew that [the company's] success was due in part to Mr. Thomas circumventing the rules." (Id. at ¶ 14.) The Complaint alleges that Mr. Thomas misled customers (by giving "glib and insincere answers to questions to get deals completed") and frequently called customers on unrecorded lines. (Id.) In particular, the Complaint alleges that Mr. Thomas on one occasion tried to "trick a customer into a second loan payment by claiming it was less than his current loan payment, without notifying the customer that he would be responsible for both payments." (Id.)

In response to Mr. Nguyen's enforcement efforts, his supervisor, Mr. Toland, allegedly advised him to stop "being hard on the sales personnel" and explained that Mr. Thomas's actions were "economically worthwhile." (Id. at ¶ 17.) When "it became clear that Mr. Nguyen was not going to change his mind," he was given an "ultimatum" to either accept a demotion or have his employment terminated. (Id. at ¶¶ 13-18.) Mr. Toland allegedly told Mr. Nguyen that he had to make his decision "immediately." (Id. at ¶ 18.) After he declined to do so, Mr. Nguyen alleges he "logged onto his computer to find that his credentials had been terminated." (Id. at ¶ 19.)

1 Thereafter, Mr. Nguyen alleges that Diamond refused to communicate with him and asserted that he had "quit his job." (Id.)

Mr. Nguyen brings this action for (1) wrongful discharge in violation of public policy (in particular, for his attempt to enforce the TSR) and (2) breach of employment contract. (Id. at ¶¶ 21-22.) Diamond contends that Mr. Nguyen has failed to plead the elements of wrongful discharge in violation of public policy, and now moves to dismiss. (See Dkt. No. 6.)

**Discussion**

**I. Legal Standard**

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party and accept all well-pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**II. Motions to Strike**

**A. June 20 Letter**

Diamond asks the Court to consider the contents of a letter drafted by its counsel titled "Response to Settlement Demand" (the "June 20 Letter"). (See Dkt. No. 6 at 2 n.1, Ex. A.) The June 20 Letter was not attached to the Complaint, but Diamond claims that it offers "a more

detailed recitation of the facts." (Id.) Mr. Nguyen moves to strike all references to the June 20 Letter. (Dkt. No. 7 at 2-3.)

In general, the Court may not consider materials beyond the pleadings in ruling on a motion to dismiss without converting it into a motion for summary judgment. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, even where a document is not physically attached to the complaint, it may be considered on a motion to dismiss where (1) its authenticity is not contested and the plaintiff's complaint necessarily relies upon the document or (2) it is subject to judicial notice. Id. at 688; see also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (document may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

Here, Mr. Nguyen did not rely on or extensively refer to the June 20 Letter in his Complaint. To the contrary, the Complaint mentions the June 20 Letter only once, for the purpose of explaining that "[a]fter reaching out to Diamond amicably to learn whether Mr. Nguyen was going to receive a standard severance with a non-disparagement agreement, [Diamond's] counsel responded with a confusing and self-contradictory letter that not only accused Mr. Nguyen of quitting, but proffered witness statements supporting the proposition he was justifiably fired." (Complaint at ¶ 6.) In other words, far from providing the basis for his claim, the Complaint identifies the June 20 Letter as unreliable and incorrect.

The Motion to Strike is GRANTED with respect to the June 20 Letter.

**B. References to Mr. Nguyen's Quitting**

Mr. Nguyen also asks the Court to strike all assertions by Diamond that he "quit" or "walked away" from his job, which he contends are "not only absent from the Complaint, but

contrary to the Complaint." (Dkt. No. 7 at 4.) The Complaint sets forth the following allegations concerning Mr. Nguyen's termination:

> After declining to make an immediate decision, Mr. Nguyen logged onto his computer to find that his credentials had been terminated. When he reached out to Diamond, Diamond personnel refused to communicate with him. Diamond has since claimed that Mr. Nguyen quit his job, but the evidence shows Diamond made no effort to observe the protocols it requires during a self-termination.

(Complaint at ¶ 19.)

In ruling on a motion to dismiss, the Court must accept all well-pleaded allegations of material fact as true. Livid Holdings, 416 F.3d at 946. While Diamond contends that Mr. Nguyen was not terminated and that "it is entirely implausible that an established company failed to observe any termination procedures when discharging a senior employee who worked for the organization for nearly two decades" (Dkt. No. 6 at 17), Mr. Nguyen has adequately pleaded that he was terminated. References to his quitting are, at this stage, both immaterial and impertinent. See Fed. R. Civ. P. 12(f).

The Motion to Strike is GRANTED with respect to references to Mr. Nguyen's quitting.

**III.    Motion to Dismiss**

**A. Wrongful Termination in Violation of Public Policy**

To establish a prima facie case for wrongful termination in violation of public policy, a plaintiff must demonstrate (1) the existence of a clear public policy (the *clarity* element); (2) that discouraging the conduct in which he engaged would jeopardize the public policy (the *jeopardy* element); (3) that his public-policy related conduct was a substantial factor in his employer's decision to discharge him (the *causation* element); and (4) that his employer did not have an "overriding justification" for the discharge (the *absence of justification* element). Ellis v. City of Seattle, 142 Wn.2d 450, 459 (2000) (en banc) (citation omitted). A claim for wrongful

termination in violation of public policy is a narrow exception to Washington's general rule of employment at will. Thompson v. St. Regis Paper Co., 102 Wn.2d 219, 232 (1984) (en banc).

**(1) Clarity**

To determine whether a clear public policy exists, the Court considers whether the policy is "demonstrated in a constitutional, statutory, or regulatory provision or scheme." Danny v. Laidlaw Transit Servs., Inc., 165 Wn.2d 200, 207-08 (2008) (internal quotation marks and citations omitted). Here, there can be no dispute that the TSR provides a clear mandate against deceptive and abusive telemarketing tactics[1], and is "motivated by concern for [the] welfare of [the] general public." Sedlacek v. Hills, 145 Wn.2d 379, 389 (2001) (en banc).

Diamond contends that Mr. Nguyen has failed (1) to "tie the allegations to actual TSR violations or even attempt to explain how the allegations fit into the scope of the TSR" and (2) to meet the "heightened pleading standard" to allege "a public policy violation for fraud." (Dkt. No. 6 at 10-11.) The Court disagrees. First, the Court construes Mr. Nguyen's claims that Mr. Thomas provided customers with misleading information and repeatedly made calls on unrecorded lines as a claim that he violated Sections 310.3 and 310.4 of the TSR. Second, that one of the purposes of the TSR is to prevent fraud does not transform Mr. Nguyen's cause of action for wrongful termination in violation of public policy into a cause of action for fraud, such that he must plead his claims with particularity.

The Court finds that Mr. Nguyen has satisfied the clarity element.

---

[1] In its reply, Diamond appears to claim that the TSR is *not* intended to "protect consumers from deceptive and abusive telemarketing practices," but rather "to protect consumers' 'right to be let alone' in their homes." (Dkt. No. 8 at 7-8.) The TSR is intended to serve both purposes. Section 310.3 and 310.4 are *titled* "[d]eceptive telemarketing acts or practices" and "[a]busive telemarketing acts or practices," respectively, while Section 310.8 provides guidance with respect to the National Do Not Call Registry. See 16 C.F.R. §§ 310.3, 310.4, 310.8.

**(2) Jeopardy**

To satisfy the jeopardy element, a plaintiff must establish that he "engaged in particular conduct and the conduct *directly relates* to the public policy or was *necessary* for the effective enforcement of the public policy." Rose v. Anderson Hay and Grain Co., 184 Wn.2d 268, 277 (2015) (en banc) (emphasis in original). "In other words, the plaintiff must argue that the actions he or she took were the only adequate means to promote the public policy." Id. at 278.

The Complaint alleges that Mr. Nguyen attempted to institute a "strict regimen of adherence to the rules" but was discouraged from doing so by his supervisor. (See Complaint at ¶¶ 13, 16-17.) Construing the Complaint in the light most favorable to Mr. Nguyen, at the time of his termination, he was the only remaining manager who took measures to prevent deceptive and abusive telemarketing practices among sales representatives. (Id. at ¶¶ 16, 17.) It is plausible that by terminating Mr. Nguyen, Diamond not only eliminated "the only adequate means" of promoting the TSR, but discouraged other sales representatives and sales managers from attempting to enforce the TSR.

The Court finds that Mr. Nguyen has satisfied the clarity element.

**(3) Causation**

To satisfy the causation element, a plaintiff must show that their "conduct in furthering a public policy was *a* 'substantial' factor motivating the employer to discharge the employee." Rickman v. Premera Blue Cross, 184 Wn.2d 300, 313 (2015) (en banc) (citation omitted) (emphasis in original). The plaintiff "need not attempt to prove the employer's sole motivation was retaliation." Id. (citation omitted). Whether the causation element has been satisfied is a question of fact. Wurts v. City of Lakewood, Case No. C14-5113BHS, 2015 WL 1954663, at *8 (W.D. Wash. Apr. 29, 2015) (citation omitted).

According to the Complaint, Mr. Nguyen's meeting with Mr. Toland, in which he was allegedly given an "ultimatum" to either accept a demotion or be terminated, occurred "[w]hen it became clear that Mr. Nguyen was not going to change his mind" about his efforts to enforce the TSR. (Complaint at ¶ 18.) Construing the Complaint in the light most favorable to Mr. Nguyen and crediting Mr. Nguyen's claim that he was in fact terminated, it is plausible that his efforts to enforce compliance with the TSR were at least a substantial motivating factor in his termination.

The Court finds that Mr. Nguyen has satisfied the causation element.

### (4) Absence of Justification

Once a plaintiff has established the first three elements, the burden shifts to the defendant to establish a justification for the discharge "despite the employee's public-policy-linked conduct." Rickman, 184 Wn.2d at 314 (quoting Gardner, 128 Wn.2d at 941). This determination involves "balancing the public policies raised by the plaintiff against the employer's interest." Martin v. Gonzaga Univ., 191 Wn.2d 712, 728 (2018).

Diamond claims that it has "several justifications for its actions" (Dkt. No. 6 at 16), but does not identify what any of those justifications are. Instead, Diamond merely repeats that Mr. Nguyen "quit his job" and was not terminated. (Id.)

The Court finds that Diamond has failed to satisfy the absence of justification element.

Having found that Mr. Nguyen has successfully pleaded a claim for wrongful termination in violation of public policy, the Court DENIES the Motion to Dismiss with respect to this claim.

### B. Breach of Employment Contract

Diamond moves to dismiss the breach of employment contract claim on the grounds that no employment contract existed. (Dkt. No. 6 at 17-18.) Mr. Nguyen apparently does not dispute that he was an at-will employee with no employment contract. (See Dkt. No. 7.) His failure to

oppose dismissal of the breach of employment contract claim "may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court GRANTS the Motion to Dismiss with respect to this claim.

**Conclusion**

Viewing the Complaint in the light most favorable to Mr. Nguyen, the Court finds that he has stated a plausible claim for wrongful termination in violation of public policy, but has failed to state a plausible claim for breach of employment contract. Therefore, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss and GRANTS the Motions to Strike.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 24, 2019.

Marsha J. Pechman
United States District Judge